

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00187-CR

CHAD ISAIAH FERNANDES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1696623

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Chad Isaiah Fernandes pled guilty to publishing/threatening to publish intimate visual material. *See* TEX. PENAL CODE ANN. § 21.16(g) (Supp.).[1] In accordance with the terms of his plea-bargain agreement with the State, the trial court placed Fernandes on deferred adjudication community supervision for five years.[2] The terms and conditions of Fernandes's negotiated deferred adjudication community supervision required him to, among other things, "[a]ttend, participate in and successfully complete the Sexual Misconduct Program." In a motion to proceed to an adjudication of guilt, the State alleged that Fernandes "failed to successfully complete the Sexual Misconduct Program." After Fernandes pled true to the State's sole allegation in open court, the trial court found the allegation true, revoked Fernandes's community supervision, adjudicated his guilt, and sentenced him to twenty-three months' imprisonment.

Fernandes's attorney has filed a single, consolidated brief in this matter and in Fernandes's companion case stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *See*

---

[1]In companion cause number 06-24-00186-CR, Fernandes challenges a separate conviction for publishing/threatening to publish intimate visual material. *See* TEX. PENAL CODE ANN. § 21.16(g) (Supp.).

[2]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

*Anders v. California*, 386 U.S. 738, 743–44 (1967); *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014).

We addressed this issue based on the same facts in our opinion of this date in Fernandes's appeal in cause number 06-24-00186-CR. Based on the reasoning in that opinion, issued on the same date herewith, we likewise determine this appeal is wholly frivolous.

We affirm the trial court's judgment.[3]

Jeff Rambin
Justice

Date Submitted:  June 4, 2025
Date Decided:   June 13, 2025

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.